UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20422-BLOOM

MARIO GODHIGH

    Plaintiffs,

v.

OFFICER MARSHALL,
*et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(g)

**THIS CAUSE** is before the Court on Plaintiff Mario Godhigh's *pro se* Complaint under 42 U.S.C. § 1983. ECF No. [1]. Plaintiff, a state prisoner, brings various constitutional claims against Florida Department of Corrections' officials. Plaintiff has not paid the filing fee and has moved for leave to proceed *in forma pauperis* ("IFP"). As explained below, Plaintiff may not initiate a civil action in federal court without prepaying the entire filing fee because he has three "strikes" under 28 U.S.C. § 1915(g). Therefore, his Complaint is **DISMISSED** without prejudice.

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person who is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by filing a motion for leave to proceed IFP. 28 U.S.C. § 1915(a). The statute, however, contains a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The purpose of this provision, known as the "three-strikes rule," is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). After a prisoner has filed three or more meritless actions or appeals, a district court is authorized to dismiss the complaint without prejudice under the three-strikes rule if the prisoner fails to pay the filing fee "at the time he *initiates* suit." *Id*. (emphasis in original).

Plaintiff did not pay the filing fee when he initiated this suit. Therefore, his Complaint must be dismissed without prejudice under the three-strikes rule. Plaintiff is a uniquely prolific filer who has filed over one hundred cases in this District and the Northern and Middle Districts of Florida. As another district judge of this Court recently explained when dismissing Plaintiff's previous complaint under the three-strikes rule, "Judges in our District *alone* have dismissed [Plaintiff's] cases *twenty-three* times under § 1915(g)'s three-strikes rule."[1] *Godhigh v. S. Fla. Reception Ctr*., No. 25-cv-20037-RKA, ECF No. 3 (S.D. Fla. Jan. 13, 2025) (emphasis in original) (listing Plaintiff's twenty-three prior lawsuits that count as strikes under § 1915(g)).

In addition, Plaintiff does not allege imminent danger. To qualify under the imminent danger exception to the three-strikes rule, the Eleventh Circuit requires a pleading of "specific allegations of present imminent danger that may result in serious physical harm." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed [IFP] pursuant to the

---

s[1] Federal Rule of Evidence 201 permits the Court to take judicial notice of other courts' orders "for the limited purpose of recognizing the 'judicial act' that the order represents. . . ." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted). Because Plaintiff has been found numerous times in this Court to be a three-striker, the Court need not list his prior cases here.

Case No. 25-cv-20422-BLOOM

imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). "To avail himself of the imminent danger exception, a three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint." *Smith v. Dewberry*, 741 F. App'x 683, 686 (11th Cir. 2018) (citing *Medberry*, 185 F.3d at 1193). Plaintiff's allegations concern past events. His primary contention is that in 2021, a corrections officer sprayed him with a chemical agent and trashed his cell. ECF No. [1] at 3–4. Plaintiff does not allege that he is in imminent danger of serious physical injury.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]** is **DISMISSED without prejudice** under the three-strikes rule of § 1915(g).

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 29, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:  Mario Godhigh, *PRO SE*
 M28779
 South Florida Reception Center
 Inmate Mail/Parcels
 14000 NW 41st Street
 Doral, FL 33178